PeaesoR, J.
 

 We think the plaintiff was
 
 not
 
 entitled to recover, either the price of the negroes, or the savings of his testator’s wife, out of the annual rent, received by her, and that judgment should have been entered for the defendant.
 

 As to the price of the negroes, the plaintiff was not entitled to recover. Rogers had received of Vines the
 
 *341
 
 value of the negroes, thereby repudiating the sale made by his wife, and in no point of view, could the money, paid by Vines to Mrs. Rogers, be considered the money of her husband. After the divorce, the wife had a right “to sue' and be sued, claim redress for, and be made liable upon, contracts, as though she were a
 
 feme sole.”
 
 By the sale of the negroes, although the sale was wrongful, the money became hers, and she was liable upon the warranty.
 

 The view presented by the plaintiff’s counsel, is not tenable ; for, admit “the contract of sale to have been a perfect nullity,” the money, handed to Mrs. Rogers, was not the money of Rogers, but was the money of Vines, received for the use of Vines.
 

 As to the savings out of the rent, we think the plaintiff was not entitled to recover. After 'the divorce, the wife had “capacity to acquire and dispose of such property, as she might "procure by her own industry, or as might accrue by descent, devise, &c., or in any
 
 other manner’’
 

 It might be urged with much force, that “these savings” fall under the words “property acquired by her own industry ;” for, if a wife pays her board by working, and thereby is enabled to save a part of the sum annually allowed for her maintenance, it is the same thing, as if she had paid her board out of the sum allowed and received wages for her work. But the right of the wife to her savings is unquestionable, upon the ground that the decree of alimony vests the title in her. If there is no reconciliation, she has an absolute right to the sum allowed and received annually for her maintenance ; in which respect, it differs from
 
 specific property
 
 assigned to her separate use. If the allowance be too much, the Court has power at any time to reduce it — if too little, to increase it; and thus it is at all times subject to the control of the Court, and it tends to make the wife industrious and economical, to allow her to have the savings.
 

 
 *342
 
 It is not necessary to decide, whether the wife had ea- • pacity to make a will under the word “dispose.” If she had capacity, she has exercised it. If the word “dispose’’ is confined to sales or gifts, in her life time, so that she died without making a disposition, the Act provides, that her estate “shall be transmissible, in the same manner, as though she were unmarried.” This
 
 excludes
 
 the
 
 husband,
 
 and take it either way, he has no right.
 

 The judgment below must be reversed and a judgment be entered for the defendant.
 

 Per Curiam. Judgment accordingly.